IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00802-NYW-NRN

TIMOTHY NICHOLS,

    Plaintiff,

v.

AT&T INC. and AT&T MOBILITY LLC,

    Defendants.

_____

***SPECIALLY APPEARING* DEFENDANT AT&T INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
(Fed. R. Civ. Proc. R. 12 (b)(6))**
_____

**TABLE OF CONTENTS**

I.  RELEVANT FACTS ................................................................................................... 2
    A.  Background on AT&T Inc. ............................................................................... 2
    B.  AT&T Inc. Lacks Contacts with the State of Colorado ..................................... 2
    C.  Plaintiff's Jurisdictional Allegations About AT&T Inc. Are Lacking .................... 2
II. ARGUMENT ............................................................................................................. 3
    A.  Legal Standards Governing Personal Jurisdiction ........................................... 3
    B.  Plaintiff Cannot Establish General Jurisdiction Over AT&T Inc. ...................... 5
    C.  Plaintiff Cannot Establish Specific Jurisdiction Over AT&T Inc. ...................... 6
III. CONCLUSION ......................................................................................................... 8

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Archangel Diamond Corp. v. Lukoil*,
   123 P.3d 1187 (Colo. 2005) ................................................................................ 4

*Dental Dynamics, LLC v. Jolly Dental Grp., LLC*,
   946 F.3d 1223 (10th Cir. 2020) ....................................................................... 3, 4

*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*,
   514 F.3d 1063 (10th Cir. 2008) .................................................................. 3, 4, 6

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) ....................................................................................... 4, 5

*Hood v. Am. Auto Care, LLC*,
   21 F.4th 1216 (10th Cir. 2021) .......................................................................... 5

*Monge v. RG Petro-Mach. (Grp.) Co.*,
   701 F.3d 598 (10th Cir. 2012) ........................................................................... 5

*Old Republic Ins. Co. v. Cont'l Motors, Inc.*,
   877 F.3d 895 (10th Cir. 2017) ........................................................................... 6

*Pilgrim's Pride Corp. v. Allegiant Elec., Inc.*,
   No. 23-CV-02055-NYW-SBP, 2024 WL 625500 (D. Colo. Feb. 14, 2024) ................................................................................................... 4, 5, 6

*Quarles v. Fuqua Industries, Inc.*,
   504 F.2d 1358 (10th Cir.1974) .......................................................................... 7

*SGI Air Holdings II LLC. v. Novartis Int'l, AG*,
   192 F. Supp. 2d 1195 (D. Colo. 2002) .............................................................. 7

*Walden v. Fiore*,
   571 U.S. 277 (2014) ........................................................................................... 6

*Wenz v. Memery Crystal*,
   55 F.3d 1503 (10th Cir. 1995) ........................................................................... 3

**Other Authorities**

Fed. R. Civ. P. 12(b)(2) ............................................................................................ 1, 8

Defendant AT&T Inc. specially appears and moves this Court for an order, pursuant to Fed. R. Civ. P. 12(b)(2), dismissing Plaintiff's Complaint as against AT&T Inc. for lack of personal jurisdiction.[1]

AT&T Inc. is a passive holding company that does not conduct business in the State of Colorado and thus does not have the necessary minimum contacts with Colorado. AT&T Inc. is incorporated in Delaware and headquartered in Texas. AT&T Inc. has no offices or employees in Colorado, and does not offer, sell, or provide any goods or services to residents in Colorado. Finally, AT&T Inc. was not and is not engaged in any of the activities underlying the claims raised in the Complaint. As such, AT&T Inc. lacks the minimum contacts with Colorado for this Court to exercise personal jurisdiction over it. The Court should dismiss the Complaint as to AT&T Inc. under Rule 12(b)(2).

Pursuant to the Court's Uniform Civil Practice Standards and D.C.COLO.LCivR 7.1(a) undersigned counsel has twice requested, by email to counsel, that Plaintiff agree to dismiss AT&T Inc. without prejudice for lack of personal jurisdiction. Undersigned counsel has also discussed by telephone dismissal of AT&T Inc. with counsel for Plaintiff. As of the filing date of this motion, Plaintiff has not dismissed AT&T Inc.

---

[1] Defendant AT&T Mobility LLC does not join in this motion but separately and concurrently moves the Court to compel Plaintiff's claims against it to arbitration pursuant to the Federal Arbitration Act and the arbitration agreement in the written agreement between Plaintiff and AT&T Mobility.

1

## I. RELEVANT FACTS

### A. Background on AT&T Inc.

AT&T Inc. is incorporated in Delaware and is headquartered in Dallas, Texas. *See* Declaration of Paula Phillips (Litigation Manager, AT&T Services Inc.), dated June 7, 2024, ("Phillips Decl.") ¶¶ 4-5. AT&T Inc. is a passive holding company that does not conduct business with the public. *Id.* ¶ 5. It does not provide telecommunications, internet services or any other services or products to the public and is not engaged in any advertising business. Id. ¶¶ 5-12. Rather, AT&T Inc. is a traditional corporate parent company engaged in no business of its own.

### B. AT&T Inc. Lacks Contacts with the State of Colorado

As a holding company, AT&T Inc. has no operations in the State of Colorado, and it does not conduct business in Colorado. Specifically, AT&T Inc. has (1) no employees in Colorado, (2) no offices or mailing addresses in Colorado, and (3) no ownership of or lease of property in Colorado. Phillips Decl. ¶¶ 7-9. Further, AT&T Inc. does not manufacture, provide, or place into the stream of commerce in Colorado or anywhere else, any product or service of any kind, and does not engage in any advertising business in Colorado. Phillips Decl. ¶ 10-12. In short, AT&T Inc. has not availed itself of the privilege of doing business in Colorado.

### C. Plaintiff's Jurisdictional Allegations About AT&T Inc. Are Lacking

The Complaint includes only conclusory allegations regarding personal jurisdiction over AT&T Inc. For example, the Complaint includes a statement that this Court has "personal jurisdiction over the Defendants [both AT&T Inc. and AT&T Mobility LLC]

2

because they transacted business and committed tortious acts in this district." Dkt. 1 ¶ 9. The Complaint does not identify any factual allegations showing any transaction of business by AT&T Inc. in the State of Colorado. The Complaint only includes a single specific allegation directed to AT&T Inc.: "AT&T transacts or has **transacted business in this district** and throughout the United States." Dkt. 1 ¶ 5 (emphasis added). Again, no factual support for this allegation is provided. The Complaint incorrectly states AT&T Inc. has its "principal place of business in Brookhaven, Georgia;" beyond being incorrect, as AT&T Inc.'s headquarters are in Texas (Phillips Decl. ¶ 4), the Complaint does not identify any location of business for AT&T Inc. in Colorado. Dkt. 1 ¶ 6. Other than asserting that AT&T Inc. is the owner of Defendant AT&T Mobility LLC (Dkt. 1 ¶ 6), Plaintiff offers no specific allegations regarding AT&T Inc.'s conduct with respect to factual allegations underlying the claims at issue.

## II. ARGUMENT

### A. Legal Standards Governing Personal Jurisdiction

Plaintiff bears the burden of establishing personal jurisdiction over the named defendants to an action. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008) (holding plaintiff bears the burden of demonstrating that a court has personal jurisdiction over the defendant). In support of a motion to dismiss for lack of personal jurisdiction, a defendant may present affidavits that contradict the allegations in the Complaint. *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). Further, the Court need not credit conclusory, implausible, or speculative allegations made by plaintiff, whether in the Complaint or in response to a motion to dismiss. *Dental*

3

*Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020); *Dudnikov*, 514 F.3d at 1070.

To demonstrate that a court has personal jurisdiction over a nonresident defendant in a diversity action, the plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction complies with the Fourteenth Amendment's Due Process Clause. *See Dental Dynamics, 946 F.3d at 1228*. Colorado's long-arm statute "confer[s] the maximum jurisdiction permitted by the due process clauses of the United States and Colorado constitutions," and its requirements are necessarily addressed under a due process analysis. *See Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005). "[T]o exercise jurisdiction in harmony with due process, defendants must have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'" *Dudnikov*, 514 F.3d at 1070 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"A court may exercise general personal jurisdiction or specific personal jurisdiction over a defendant." *Pilgrim's Pride Corp. v. Allegiant Elec., Inc.*, No. 23-CV-02055-NYW-SBP, 2024 WL 625500, at *4 (D. Colo. Feb. 14, 2024) (*citing Bristol-Myers Squibb Co. v. Superior Ct. of Cal*., 582 U.S. 255, 262, 137 S.Ct. 1773, 198 L.Ed.2d 395 (2017)). General jurisdiction is available if the defendant's affiliations with the forum state are "so continuous and systematic" that it is "essentially at home" in the state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). "Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more

4

stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts." *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 614 (10th Cir. 2012) (quotation omitted).

"A court may exercise specific personal jurisdiction over an out-of-state defendant only if the cause of action relates to the defendant's contacts with the forum state." *Pilgrim's* Pride, 2024 WL 625500 at *5 (citing *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017)). "[S]pecific jurisdiction is proper if there is 'an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Hood v. Am. Auto Care, LLC*, 21 F.4th 1216, 1221 (10th Cir. 2021) (quoting *Bristol-Myers Squibb*, 582 U.S. at 262, 137 S.Ct. 1773).

### B.    Plaintiff Cannot Establish General Jurisdiction Over AT&T Inc.

General jurisdiction is plainly inappropriate here. AT&T Inc. is a Delaware corporation with its headquarters in Texas. Phillips Decl. ¶ 3. AT&T Inc. has no office, address, place of business, real or personal property (whether owned or leased), employees, or other activities in the State of Colorado. Phillips Decl. ¶¶ 4-11. AT&T Inc. does not provide any telecommunications services, internet services, retail services, or services of any kind to the public in any forum, and certainly not in Colorado. Phillips Decl. ¶¶ 5, 10-11. Plaintiff does not allege that AT&T Inc. has any place of business in Colorado. In short, AT&T Inc. has no "continuous and systematic" contacts with Colorado that would render AT&T Inc. "essentially at home" in this State. *Goodyear*, 564 U.S. at 919.

5

Plaintiff has failed to allege facts supporting general jurisdiction over AT&T Inc.

C.   **Plaintiff Cannot Establish Specific Jurisdiction Over AT&T Inc.**

The "minimum contacts" test for specific jurisdiction has two requirements: First, the defendant must have "'purposefully directed its activities at residents of the forum state,'" and second, the plaintiff's injuries must arise out of the defendant's forum-related activities. *Old Republic*, 877 F.3d at 904 (quoting *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011)). "The purposeful direction requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Id*. at 904–05 (cleaned up).

"Purposeful direction may . . . be established . . . when an out-of-state defendant's intentional conduct targets and has substantial harmful effects in the forum state." *Old Republic*, 877 F.3d at 907 (emphasis in original omitted). The "harmful effects" test requires "more than simply harm suffered by a plaintiff who resides in the forum state." *Pilgrim's Pride*, 2024 WL 625500 at *8 (citing *Old Republic* at 917); *see also Walden v. Fiore,* 571 U.S. 277, 285 (2014) ("The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects [it] to the forum in a meaningful way."). To establish specific jurisdiction based on the harmful effects framework, the plaintiff must demonstrate that "(a) an intentional action . . . was (b) expressly aimed at the forum state . . . with (c) knowledge that the brunt of the injury would be felt in the forum state." *Dudnikov*, 514 F.3d at 1072.

6

Plaintiff has not and cannot plead sufficient facts to establish that AT&T Inc. purposefully directed its activities toward Colorado or purposefully availed itself of the privilege of doing business in Colorado. As discussed above, Plaintiff offers no factual allegations that AT&T Inc. has any connection to Colorado.

Moreover, Plaintiff has failed to identify any facts to show AT&T Inc. was involved in any of the factual allegations underlying the claims in the Complaint, and thus there are no factual allegations to support specific personal jurisdiction under the "harmful effects framework." At most, Plaintiff alleges that AT&T Inc. is the owner of AT&T Mobility LLC. Dkt. 1 ¶ 6. However, for a holding company such as AT&T Inc. (Phillips Decl. ¶ 4), mere ownership of another company (here, AT&T Mobility LLC) is insufficient to establish specific personal jurisdiction. *SGI Air Holdings II LLC. v. Novartis Int'l, AG*, 192 F. Supp. 2d 1195, 1199 (D. Colo. 2002) ("The business of a holding company is not to direct the day to day activities of its subsidiaries, but instead to hold the stock of companies, from which it derives profits. . . . [t]he relationship of a holding company and the subsidiaries of which the holding company owns stock is not of a nature to support an agency relationship, or consequently, personal jurisdiction over the holding company or its day-to-day managing company); *see also Quarles v. Fuqua Industries, Inc.*, 504 F.2d 1358 (10th Cir.1974) (finding that a parent holding company, that did not have continuous and systematic contacts with the forum state itself, was not subject to personal jurisdiction in the forum state on the basis of the activities of a subsidiary of which the holding company owned stock).

Plaintiff has failed to allege facts supporting specific jurisdiction over AT&T Inc.

7

## III. CONCLUSION

For each of the foregoing reasons, Defendant AT&T Inc. respectfully requests that the Court dismiss Plaintiff's action as against AT&T Inc. for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure, Rule 12(b)(2).

Dated: June 10, 2024

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Nancy L. Stagg*
Nancy L. Stagg
12255 El Camino Real, Suite 250
San Diego, CA 92130
Telephone: (858) 350-6156
Facsimile: (858) 350-6111
Email: nstagg@ktslaw.com

Kevin M. Bell
1400 Wewatta Street, Suite 600
Denver, CO 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
Email: kbell@ktslaw.com

*Attorneys for Specially Appearing Defendant AT&T Inc.*

8

## **CERTIFICATE OF SERVICE**

The foregoing was filed electronically, this 10th day of June, 2024. Notice of this filing will be sent to all attorneys of record in this case, by operation of the Court's Electronic Filing System.

/s/ *Nancy L. Stagg*
Nancy L. Stagg

9